# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SMITH V. PYRITES MINING & CHEMICAL CO.

### March 12, 1902.

1. APPEAL AND ERROR—*Removal of Causes—Record from Wrong Court—Dismissal.*—Where a cause has been removed from one court to another under the provisions of section 3318 of Code, the clerk of the court to which the cause is removed is the only person who can certify the record, and take the bond required in order to perfect an appeal to this court, even though the errors complained of were committed before removal. An appeal allowed upon a record certified by the clerk of the court making the removal order will be dismissed, but without prejudice to the rights of the appellant so far as not affected by the act of limitations.

Appeal from a decree of the Circuit Court of Louisa county, pronounced September 22, 1900, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants. The decree directing the removal of the cause also contains the adjudication complained of.

*Appeal dismissed.*

The opinion states the case.

*W. E. Bibb* and *F. W. Sims,* for the appellant.

*Meredith & Cocke* and *James R. Caton,* for the appellees.

KEITH, P., delivered the opinion of the court.

On September 22, 1900, the Circuit Court of Louisa county entered a decree in this cause, which concludes as follows: "The

judge of this court being so situated as to render it improper, in his opinion, to decide the further questions to be passed upon in this case, or to preside at the trial thereof, doth remove this cause to the Circuit Court of the city of Alexandria, and the clerk of this court is ordered forthwith to transmit to the clerk of the Circuit Court of the city of Alexandria the original papers in this cause, with the copies of all rules and orders made, and a statement of the costs incurred by each party, in this cause, and also to transmit forthwith to the clerk of the Circuit Court of the city of Alexandria the stock certificate book, the minute books, and corporate seal of the defendant company, now in the custody of the clerk of this court."

The order of removal was promptly executed, and on the 6th of October next ensuing a decree was entered in the Circuit Court of the city of Alexandria disposing of certain matters, and on the 15th of October (the cause in the mean time having been removed to the Circuit Court of Prince William county), a consent decree was entered in that court. Decrees directing accounts to be stated, confirming the reports and directing a sale of the property in litigation have been entered since the cause was removed from the Circuit Court of Louisa, in which it was originally brought, but no final decree has yet been rendered.

On the 13th of February, 1901, a transcript of the record in the cause down to its removal was obtained from the clerk of the Circuit Court of Louisa county, and a petition along with said record was presented to one of the judges of this court on the 14th of February, 1901, and an appeal was awarded.

At the November term of this court counsel for appellees moved to dismiss the appeal as improvidently awarded.

By section 3318 of the Code it is provided: "When any case is ordered to be removed under this chapter, the clerk of the court from which, shall transmit to the clerk of the court to which, it is removed, the original papers therein, with the copies

of all rules and orders made, and a statement of the costs incurred by each party therein; whereupon the case shall be proceeded in, heard, and determined by the court to which it is removed as if it had been brought, and the previous proceedings had, in said court."

This section seems to have been strictly observed, and as a consequence this cause at the date of the appeal was pending not in the Circuit Court of Louisa county, but in that of Prince William county.

An appeal with us is regulated by statute, and by it the entire cause is removed to the appellate court, where the facts as well as the law are submitted.

When the record was certified to this court by the clerk of the Circuit Court of Louisa county, this cause was no longer pending in it. It had been wholly transferred by virtue of the statute just quoted to another court where it was to be proceeded in "as if it had been brought, and the previous proceedings had, in said court."

The clerk of no other court could certify the record, or take the bond required in order to perfect the appeal. This is made more obvious, if possible, by reference to section 3485, for, upon the hearing of the cause, this court affirms or reverses the decree complained of in whole or in part, enters such decree as the court whose error is sought to be corrected ought to have entered, and the decree of this court is then certified to the clerk of that court in which its order is to be entered. If, in the case before us, the court should ascertain the decree to be erroneous, it would therefore be its duty to enter its own decree, and certify it to the clerk of the Circuit Court of Louisa to be entered as the decree of that court; but the cause is no longer pending in the Circuit Court of Louisa, the parties are not under the jurisdiction of that court, and there would be nothing upon which such decree could operate.

We are of opinion the appeal should be dismissed, but that

the right of parties to this controversy ought not to be affected by proceedings had in this court, under the circumstances narrated, unless the bar of the statute of limitations has in the meantime attached, which can hardly be, as there appears to be no final decree, and as there is no limitation to an appeal from an interlocutory decree.

*Appeal dismissed.*